UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YUDELKA MARIN,

    Plaintiff,

  -against-   **COMPLAINT**

EXPRESS, INC.,;   **Docket No.**: 1:16-cv-00737
COMENITY BANK, LLC.,   Jury Trial Demanded:  Yes

    Defendants

_____/

### I.    PARTIES IN THE COMPLAINT

Yudelka Marin (know hereinafter as "Plaintiff") by and through her attorney Subhan Tariq, Esq. as and for her complaint against Express, Inc. and Comenity Bank (known hereinafter as "Defendants") respectfully sets forth and alleges the following on information and belief, the following:

1. Plaintiff Yudelka Marin (hereinafter "Plaintiff") is a natural person who resides at 634A 3rd Street, Apt #2, Brooklyn, NY 11215.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

3. Plaintiff is not the alleged debtor.

4. Defendant Express, Inc. is an Ohio based company, with a primary mailing address at 1 Express Drive, Columbus, OH 43230.

5. Defendant Comenity Bank, LLC. Is an Ohio based company, with a primary mailing address at P.O. Box 182025, Columbus, OH 43218.

- 1 -

6. Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendants persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

## II. JURISDICTION

8. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

9. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* in their illegal efforts to collect a consumer debt.

10. Venue is proper in this District because the Plaintiffs may be found in this District, and some of the acts and transactions occurred in this District and because Plaintiff received multiple collection communications from and on behalf of Defendants while in New York on the cellular telephone that is the subject of this litigation.

## III. FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number ("1 through 10") herein with the same force and effect as if the same were set forth at length herein.

12. Immediately preceding the filing of this claim purposes and for numerous years prior to, Defendants attempted to collect from Plaintiff a financial obligation which was for family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted bill from, Defendants through a campaign of

communication which included repeated autodialed calls to the Plaintiff's cell phone and notification to the credit reporting bureaus of the alleged debt owed.

13. Plaintiff has previously been the victim of Identity Theft during which time a criminal obtained the Plaintiff's identifying information and used it to take out credit under the Plaintiff's name.

14. Plaintiff has filed a formal Identity Theft complaint with the various credit reporting bureaus (See Exhibit A Cease and Desist Letter and Identity Theft Complaint), however despite this the Defendant continued its collection efforts against the Plaintiff.

15. Plaintiff made numerous attempts to contact the Defendant and inform them of this identity theft and attempted to obtain their assistance in resolving this matter.

16. Plaintiff made numerous attempts to contact the Defendant and inform them that they had the wrong number but Defendant continued to call her on her cell phone number.

17. Plaintiff also attempted to dispute the alleged debt which the Defendant attributed to her on her credit report.

18. Despite these various efforts on the part of the Plaintiff the Defendants continued to make harassing autodialed calls to her cell phone at all hours of the day causing great stress and hardship to the Plaintiff and her family.

19. On November 19, 2015 the Plaintiff sent the Defendants a formal cease and desist letter demanding that the Defendants cease all further telephone calls to her at her cell phone number. The Plaintiff also sent notice to the credit reporting bureaus about her dispute with the account. (see Exhibit A Cease and Desist Letter and Identity Theft Dispute)

20. The Defendants repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### IV. TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number ("1 through 16") herein with the same force and effect as if the same were set forth at length herein.

22. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

23. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

24. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

25. The Second Circuit's more recently decision in *Giovanniello v. ALM Media*, LLC, 726 F.3d 107 (2d Cir. 2013), recognized that prior interpretation of §227(b)(3) as giving state courts the authority to set the terms of TCPA claims no longer held true. Based on those precedents, the court held that Federal Rule of Civil Procedure 23, not state law, governs when a federal TCPA suit may proceed as a class action. The Second Circuit noted that Mims triggered a fundamental shift in the way that the court views Section 227(b)(3)'s "if otherwise permitted" language, and "uprooted much of our TCPA jurisprudence." Ultimately, the court found that Federal Rule of Civil Procedure 23 now governs TCPA class actions in Federal Courts.

26. Within the years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephone number, (929) 267-6469, on numerous occasions in violation of the TCPA.

27. Without Plaintiff's prior express consent, Defendant and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least two hundred (200) times prior to the commencement of this litigation.

28. Oftentimes these phone calls would simply be an automatic message requesting that the Plaintiff call the Defendant.

29. When the Plaintiff was able to speak with a representative of the Defendants they would routinely refuse to acknowledge either the Plaintiff's dispute of the account or her allegations of identity theft and would refuse to take her off of their call list.

30. The Plaintiff notified the Defendants on numerous occasions that she did not owe a debt to the defendant and that they had the wrong person.

31. At no time did the Defendant's provide the Plaintiff any information, assistance with her dispute of the debts that had been wrongly attributed to her nor did the Defendants ever acknowledgment of her dispute of this debt.

32. Plaintiff also asked the Defendants numerous times not to call her at her cellular phone number, (929) 267-6469.

33. Despite these attempts to contact the Defendants the neither the "autodialed" calls nor their frequency abated.

34. The frequency of the calls would actually increase after the Plaintiff would contact the Defendants.

35. The frequency of these calls also greatly impacted the Plaintiff's home and work life as well. These calls would come so frequently and at such odd and inconvenient hours that the Plaintiff's infant child would often be woken up by these calls and could not be put back to sleep. This disturbance of the child's sleep cycle would prevent the child from sleeping at night resulting in the Plaintiff suffering from extensive sleep deprivation as a result.

36. Plaintiff also began to suffer from extreme stress and physical hardship as a result of the frequency of the calls, her inability to deal with the Defendants in any constructive way and the extreme sleep deprivation she was now suffering from as well.

37. These hardships, caused by the Defendants, directly harmed the Plaintiffs ability to work and earn money, deal with her family and otherwise lead a healthy and productive life.

38. Throughout this time the Defendants were on specific notice that the phone was not associated with the person they were attempting to collect a debt from, making these automated calls to Plaintiff willful.

39. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to her cell phone or to send her prerecorded and/or synthesized messages on her cell phone.

40. The Plaintiff did not have any prior business with the Defendant.

41. Plaintiff has never had an account with Defendant.

42. Plaintiff has never had any services or agreement of any kind with Defendant.

43. Plaintiff has never given out her cellular telephone number to Defendant or its collectors.

44. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq* and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

*Summary*

45. All of the above-described collection communications made to Plaintiff by Defendants and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls

46. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

47. The Defendants' persistent autodialed calls eliminated the Plaintiff's right to be left alone.

48. These autodialed collection calls disrupted Plaintiff's sleep.

49. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

50. Defendants' actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service for number (929) 267-6469, which the Plaintiff paid money.

51. Plaintiff was charged money for each call that Defendant made to Plaintiff's cellular phone.

## V. FAIR DEBT COLLECTION PRACTICES ACT

39. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692l, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule. Finally, a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

## VII. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs "1 through 39" herein with the same force and effect as if the same were set forth at length herein.

41. 15 U.S.C. § 1692 c ( c ) ("FDCPA") prohibits any collector after written notification from continuing communication practices. The Defendant violated this provision of the law by continuing to call the Plaintiff despite receiving a cease and desist letter from the Plaintiff.

42. 15 U.S.C. § 1692(d)(5)("FDCPA") prohibits any collector from attempting to repeatedly engage a consumer in telephone conversations or cause the consumers phone to ring with the intent to annoy, abuse or harass any person at that number. The Defendant violated this provision of the law by repeatedly causing the Plaintiff's phone to ring and repeatedly attempting to engage the Plaintiff in telephone conversations.

43. 15 U.S.C. § 1692(e)(8)("FDCPA") prohibits any collector from communicating or threatening to communicate false credit information including failure to communicate that a debt has been disputed. The Defendant violated this provision by failing to communicate that the Plaintiff was disputing the alleged debt to any of the credit reporting bureaus despite being directly informed of the dispute by the Plaintiff.

## VIII. EQUITABLE RELIEF FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FCRA, the FDCPA, and the FTC Act, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill- gotten gain.

### XI. CIVIL PENALTIES FOR VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

45. Defendants, Express, INC. and Comenity Bank, LLC., has violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

46. Each instance within one (1) year preceding the filing of this Complaint, in which Defendants Express, INC. and Comenity Bank, LLC., has failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

47. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), Section 814(a) of the FDCPA, 15 U.S.C. § 1692l, and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorize the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

48. Civil penalties for violations of the TCPA; In the event of a violation of the TCPA, a subscriber may sue for up to $1,500 for each violation or to recover actual monetary loss, whichever is higher. In addition, the subscriber may seek an injunction.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692l, 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FDCPA, and the FCRA, including but not limited to, rescission

or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

2. Award Plaintiff monetary civil penalties for each violation of the FCRA as alleged in this Complaint, except as to violations of Section 623(a)(1), 15 U.S.C. § 1681s-2(a)(1);

3. Award statutory damages provided and pursuant to 15 U.S.C. § 1692 *et seq.* ("FDCPA") Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(1)(a).

4. Award statutory damages provided and pursuant to 15 U.S.C. § 1692 (b)(1);

5. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a ) (1);

6. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a) (2) (a)

7. Award statutory damages provided and pursuant to 15 U.S.C. § 1692k (a) (2) (b)

8. Award attorney's fees and costs provided and pursuant to 15 U.S.C. 1692k (a) (3);

9. Order a declaration that the Defendant's practices violated the FDCPA and TCPA;

10. Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within one year preceding the filing of this Complaint; and

11. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated:  February 11, 2016

Respectfully submitted,

   /s/Subhan Tariq
Subhan Tariq, Esq.
Attorney I.D. No. ST9597
The Law Office of Subhan Tariq, Esq., PLLC
90-52 171st Street
Jamaica, NY 11432
516-900-4529
Email:Subhan@tariqlaw.com
**Attorney for Plaintiff**

- 12 -

To:
    Express Inc.
    1 Express Drive
    Columbus, OH 43230

    Comenity Bank, LLC.
    P.O. Box 182025
    Columbus, OH 43218

    (via Prescribed service)


    Clerk of the Court,
    United States District Court
    Eastern District of New York
    225 Cadman Plaza East
    Brooklyn, NY 11201

    (For Filing purposes)