FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 11 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

YUDELKA MARIN,

                       Plaintiff,

-against-

COMENITY BANK, LLC,

                       Defendant.
-----------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**
16-cv-0737 (AMD)(VMS)

ANN M. DONNELLY, United States District Judge.

The plaintiff, Yudelka Marin, filed this lawsuit against Comenity Bank, LLC ("Comenity" or "defendant") for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*[1] For the reasons set out below, I grant the defendants' request for partial summary judgment.

## BACKGROUND

The defendant, Comenity, owns and issues private label credit card accounts for use at specific retail stores. (ECF No. 19-12 at 2.) On or about April 18, 2013, Comenity received an application for a Victoria's Secret Account and an Express Account from an applicant identified as the plaintiff, Yudelka Marin.[2] (Def. 56.1 Statement ¶ 2.) Beginning on May 8, 2013, Comenity began making repeated telephone calls to the plaintiff's cell phone, without her prior consent, from an automatic telephone dialing system in connection with these accounts. (Am. Compl. ¶¶ 28-29.) Because of these persistent telephone calls, the plaintiff filed her complaint

---

[1] The plaintiff initially included Express, Inc. ("Express") as a defendant, and brought claims pursuant to the Fair Debt Collection Protection Act ("FDCPA"). (ECF No. 1.) She filed an amended complaint that did not include Express as a defendant, (ECF No. 8), and she withdrew her FDCPA claims. (ECF No. 19-7.)

[2] The plaintiff claims that she was the victim of identity theft and never applied for the Victoria's Secret or Express

on June 6, 2016, claiming violations of the TCPA. (Am. Compl. ¶¶ 59-62.)

Separately, on October 12, 2012, Carrie Couser brought a class action against Comenity on behalf of herself and others similarly situated in the United States District Court for the Southern District of California ("*Couser*").[3] The *Couser* class action settled pursuant to an order dated May 27, 2015. (Def. 56.1 Statement ¶ 5.) The order dismissed the *Couser* action with prejudice. (ECF No. 19-8.) Among other things, the *Couser* settlement released all claims, including TCPA claims, of class members in connection with unwanted calls they received from the defendant, Comenity. (Def. 56.1 Statement ¶¶ 5-6.) The *Couser* class was defined as:

> All persons whose cellular telephone number/s were called by [the] [d]efendant, released parties, or a third party dialing company on behalf of [the] [d]efendant . . . without consent, from August 1, 2010 through May 26, 2014.

(Def. 56.1 Statement ¶ 6.)

Under the terms of the *Couser* class action settlement, class members were mailed postcard notices with details about the settlement, including how to take part in it, and how to be excluded from it. (EFC No. 19-10 ¶ 8.) As an identified member of the *Couser* class action settlement, the plaintiff, Yudelka Marin, was on the *Couser* settlement postcard mailing list.[4] (ECF No. 19 at 3-4; ECF No. 19-10 ¶ 11.) According to the defendant, there were two address for the plaintiff on the mailing list. On October 31, 2014, a third-party vendor (on behalf of the defendant) mailed the *Couser* postcard notice to the plaintiff, which was returned undeliverable. (ECF No. 19-10 at ¶ 11.) Thereafter, on November 26, 2014, the vendor sent the *Couser* postcard notice to the second address listed for the plaintiff: 634A 3rd Street, Apt 2, Brooklyn,

---

accounts. (ECF No. 20 at 7.) For the reasons discussed below, this claim is immaterial to my holding.
[3] *Couser v. Comenity*, No. 12-cv-02484 (S.D. Cal. May 27, 2015).
[4] Names and address of individual class members were cross-referenced against the National Change of Address

NY 11215, (ECF No. 19-10 at ¶ 11), which the plaintiff concedes is her residence. (Am. Compl. ¶ 1.) Unlike the first notice, this notice was not returned, nor is there any indication that the plaintiff responded to it. (ECF No. 19-10 at ¶ 11.)

The defendant moves for summary judgment, claiming that the plaintiff (1) received reasonable and adequate notice of the *Couser* class settlement, and (2) was properly a member of the *Couser* class action. (ECF No. 19.) According to the defendant, the plaintiff is bound by the terms of the *Couser* settlement, and has released her TCPA claims against Comenity for calls occurring between August 1, 2010 and May 26, 2014. (ECF No. 19 at 1.)

## DISCUSSION

Summary judgement is "only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law." *Ravenell v. Avis Budget Grp., Inc.*, No. 08-cv-2113-SLT-SMG, 2014 WL 1330914, at *1 (E.D.N.Y. Mar. 31, 2014) (internal citations and quotation marks omitted); *see Clerical Apparel of N.Y. Inc., v. Valley Forge Ins. Co.*, 209 F.R.D. 316, 319 (E.D.N.Y. 2002); *Fed.R.Civ.P. 56(c)(A)*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The movant has the "burden of showing the absence of any genuine dispute as to a material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). The court is to resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010).

---

database, which is maintained by the United States Postal Service ("USPS"). (ECF No. 19-10 at ¶ 9.)

A party moving for summary judgment is entitled to judgment as a matter of law if the nonmoving party does not make a sufficient showing on essential elements of the case. *Clerical Apparel of N.Y. Inc.*, 209 F.R.D. at 319 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the materials fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Submitting an attorney's affirmation that contains no specific facts or is not based on first hand-knowledge does not suffice. *Wyler v. U.S.*, 725 F.2d 156, 160 (2d Cir. 1983). Moreover, "mere conclusory allegations or denials in legal memoranda . . . are not evidence and cannot by themselves create a genuine issue of material fact." *Fletcher v. Atex, Inc.* 68 F.3d 1451 (2d Cir. 1995) (internal citations and quotation marks omitted); *Clerical Apparel of N.Y. Inc.*, 209 F.R.D. at 319-320 (disregarding attorney's conclusory assertions that genuine issues of material facts exist).

The plaintiff does not offer anything to rebut the defendant's submission. Her response does not contain any factual support, citations to the record, or other admissible evidence, and she does not counter the defendant's statement of material facts, as required under Local Rule of Civil Procedure 56.1(a). *See* (ECF No. 20.) Accordingly, the defendant's statement of material facts is deemed admitted for purposes of this motion. *Local Rule of Civil Procedure 56.1(c)*; *see Clerical Apparel of N.Y., Inc.*, 209 F.R.D. at 320. Further, the plaintiff provides almost no legal authority to support her arguments; *see* (ECF No. 20), instead, she makes unsupported, conclusory assertions based on second-hand information, which is inadmissible hearsay. *See H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 454-55 (2d Cir. 1991). The plaintiff has therefore not put forth any meaningful opposition to the defendant's motion. Under these

4

circumstances, there is no material dispute that the plaintiff received sufficient notice of the *Couser* class action settlement, and that the plaintiff was properly identified as a member of the *Couser* class action. *See, e.g., Clerical Apparel of N.Y. Inc.*, 209 F.R.D. at 319-20 (granting summary judgment in the absence of countervailing materials facts to oppose the summary judgment motion).

Even if the plaintiff had provided factual support for her arguments, however, there is no material dispute about the defendant's claims that (1) the plaintiff received sufficient notice of the *Couser* class settlement, and (2) the plaintiff was properly a member of the *Couser* class action. (ECF No. 19.)

Federal Rule of Civil Procedure 23(c)(2) provides that a court shall direct to the members of the class the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Fed.R.Civ.P. 23(c)(2)*. The standard for the adequacy of settlement notice in a class action under either the Federal Rules or the Due Process Clause is measured by reasonableness. *See Hecht v. U.S. Bureau, Inc.*, 691 F.3d 218, 224 (2d Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005)).

The plaintiff asserts that she did not receive the postcard notice of the *Couser* class action settlement. (ECF No. 20 at 6-9.) But whether the plaintiff received the actual postcard is immaterial as a matter of law to the issue of whether the plaintiff received proper and adequate notice. *See, e.g., In re Prudential Securities Inc. Ltd. Partnership Litigation*, 164 F.R.D. 362, 369 (S.D.N.Y. 1996) (actual receipt of class notice is not necessary to satisfy due process notice requirements); *Buxbaum*, 216 F.R.D at 280. The defendant's third-party vendor, who mailed the

5

postcard notice to *Couser* class members on Comenity's behalf, represented that the postcard was sent to two different addresses associated with the plaintiff. (ECF No. 19-10 ¶ 11.) The plaintiff concedes that she lives at one of these addresses. (Am. Compl. ¶ 1.) As a matter of law, it is enough that the postcard notice was sent to the plaintiff's last known address. *See, e.g., In re Prudential Securities Inc. Ltd. Partnership Litigation* 164 F.R.D. at 369 ("notice by mail sent to the last known address of the absent class member meets due process requirement of notice through 'reasonable effort' even where numerous class members have since changed addresses and do not receive notice"); *Lizondro-Gargia v. Kefi LLC*, 300 F.R.D. 169, 180-81 (S.D.N.Y. 2014) (approving class settlement notices sent to class members' last know addresses); *Gonzalez v. City of New York*, 396 F.Supp.2d 411, 417 (S.D.N.Y. 2005) ("it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected") (internal quotation marks and citations omitted).

The plaintiff also argues that the notice, even if she received it, was materially deficient. (ECF No. 20 at 11-14). I disagree. Notably, the district court judge who oversaw the settlement found that the notice was sufficient. (ECF No. 19-8.) The plaintiff has not pointed to anything that undermines that court's determination. The *Couser* notice postcard includes sufficient information to comply with due process and the Fed.R.Civ.P. 23(c)(2).[5] *See* (ECF No. 19-11.) The postcard is written in clear language, and communicates in six paragraphs, concise details

---

[5] Fed.R.Civ.P. 23(c)(2) provides that class action notice must clearly state: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude any requesting class member; (vi) the time and manner for exclusion; and (vii) the binding effect of a class judgment on the class members.

about the case and the settlement, how to be included and excluded from the settlement, and the binding nature of the settlement.[6] (ECF No. 19-11.)

The plaintiff further contends that, even if the notice were proper, she should not have been included in the *Couser* class action settlement because she suffered specialized harm that separates her from other members of the *Couser* class action. (ECF No. 20 at 14-21.) This argument is unavailing. The plaintiff received adequate notice, and had the opportunity to opt out of the settlement, but did not; she is thus bound by the *Couser* settlement. *See Gonzalez*, 396 F.Supp.2d at 416 ("An individual is a member of a class certified pursuant to Rule 23(b)(3) if the plaintiff follows proper procedures and the putative member did not opt out."); *In re Prudential Securities Inc. Ltd. Partnership Litigation*, 164 F.R.D. at 369 ("Actual receipt of class notice is not necessary in order to bind an absent class member to a final judgment.").

Because the plaintiff is bound by the *Couser* settlement, any claims arising from that cause of action are barred by *res judicata*, which bars a subsequent action when (1) a prior decision was a final judgment on the merits; (2) the litigants were the same parties; (3) the prior court had competent jurisdiction; and (4) the causes of action were the same. *Gonzalez*, 396 F.Supp.2d at 415. These four prongs are satisfied here. First, the district court judge who approved the *Couser* settlement dismissed the action with prejudice. (ECF No. 19-8 at 23.) A

---

[6] I reject the plaintiff's argument that she did not realize that the *Couser* settlement implicated her claims, because it named Comenity, rather than Victoria's Secret. (ECF No. 11-12.) Persistent and unwanted calls were the basis of the plaintiff's suit; she claimed that she received calls from an autodialing system "at all times of the day" for an undisclosed period of time lasting "more than a year." (ECF No. 20 at 22, 24.) The notice postcard states in relevant part: "If you received a telephone call from or on behalf of Comenity Bank on your cell phone that was made using an automatic telephone dialing system . . . without your permission you may be entitled to get a cash payment from a class action settlement." (ECF No. 19-11.) The notice's general description of the class action – cell phone calls from an automated dialing system without the plaintiff's consent – should have alerted the plaintiff that this settlement was about the harassing calls she received. At a minimum, the postcard notice should have caused the plaintiff to investigate the matter further, for example by calling the phone number provided in the notice

dismissal with prejudice arising out of a settlement agreement is a final judgment on the merits. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002). In addition, there is no dispute that the *Couser* class action court properly exercised jurisdiction over the claims at issue. Next, the litigants are the same parties: the defendant, Comenity, is the defendant named in the *Couser* class action lawsuit, (ECF No. 19-8), and the plaintiff, although not named, received notice of the settlement and did not opt out, thereby binding her as a member of the class. *See Gonzalez*, 369 F.Supp.2d at 418; *Powers v. City of N.Y.*, No. 04-cv-02246-NGG, 2007 WL 1026407, at *5 (E.D.N.Y. Mar. 30, 2007).

Finally, the plaintiff asserts the same causes of action as those in the *Couser* class action. The plaintiff's conclusory claim to the contrary – that she has suffered specialized harm that separates her from the other class members – is not supported by the record, (ECF No. 20 at 14-17), which shows that the plaintiff's claims are similar, if not identical, to the *Couser* plaintiff: (1) the *Couser* plaintiff owed no debt to the defendant; (2) the defendant used an automatic dialing system to contact her on her cell phone; (3) the defendant contacted her "multiple" times each day; (4) she did not give "prior consent to receive such calls;" and (5) she requested on "several occasions" that the defendant stop calling her. (ECF No. 19-8 at 2.)[7]

Therefore, the doctrine of *res judicata* bars the plaintiff from making claims settled by the *Couser* class action, and these claims are dismissed.

---

postcard to make inquiries.
[7] The plaintiff concedes that her claims "share with the *Couser* class . . . similar fact determinations and legal determinations . . ." (ECF No. 20 at 17).

## CONCLUSION

For the reasons stated above, I grant the defendant's motion for partial summary judgment.

SO ORDERED.

                                                          s/Ann M. Donnelly

                                                          Ann M. Donnelly
                                                          United States District Judge

Dated: Brooklyn, New York
            July 10, 2017